James Edward STONEMAN,
Petitioner–Appellant,

v.

Samuel A. LEWIS, Director,
Respondent–Appellee.

No. 02–15970.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 14, 2004.

Decided July 26, 2004.

---

Donald W. MacPherson, Esq., The Mac-Pherson Group, PC, Glendale, AZ, for Petitioner–Appellant.

R. Wayne Ford, Esq., Randall Mack Howe, Esq., Office of the Arizona Attorney General, Ginger Jarvis, Esq., Office of the Legal Advocate, Phoenix, AZ, for Respondent–Appellee.

Before: FERNANDEZ, PAEZ, and CLIFTON, Circuit Judges.

### ORDER & MEMORANDUM *

James Edward Stoneman, a State of Arizona prisoner, appeals the district court's denial of his habeas corpus petition, which challenges his conviction and sentence for murder. *See* 28 U.S.C. § 2254. We affirm.

Stoneman contends that his rights under the Fifth and Sixth Amendments to the United States Constitution were violated when, in answer to a question by Stoneman's counsel, an officer said that Stoneman had indicated that he thought he wanted an attorney. Stoneman relies upon *Doyle v. Ohio*, 426 U.S. 610, 619, 96 S.Ct. 2240, 2245, 49 L.Ed.2d 91 (1976), for that proposition. *See also Wainwright v. Greenfield*, 474 U.S. 284, 295 & n. 13, 106 S.Ct. 634, 640—41 & n. 13, 88 L.Ed.2d 623 (1986); *United States v. Ross*, 123 F.3d 1181, 1187 (9th Cir.1997); *United States v. Kallin*, 50 F.3d 689, 693 (9th Cir.1995).

Stoneman points to no authority that a brief passing reference like the one at hand, elicited by his own counsel and never again referred to or relied upon at trial, constitutes a *Doyle* violation. *See Greer v. Miller*, 483 U.S. 756, 763—64, 107 S.Ct. 3102, 3108, 97 L.Ed.2d 618 (1987); *McMillan v. Gomez*, 19 F.3d 465, 469—70 (9th Cir.1994); *cf. Killian v. Poole*, 282 F.3d 1204, 1211 (9th Cir.2002) (extensive references to post arrest silence); *United States v. Newman*, 943 F.2d 1155, 1157—58 (9th Cir.1991) (same). Moreover, even if there were a technical error, it is plain on this record that there was no substantial and injurious effect upon the verdict. *See O'Neal v. McAninch*, 513 U.S. 432, 435—36, 115 S.Ct. 992, 994, 130 L.Ed.2d 947 (1995); *Brecht v. Abrahamson*, 507 U.S. 619, 638, 113 S.Ct. 1710, 1722, 123 L.Ed.2d 353 (1993); *Kotteakos v. United States*, 328 U.S. 750, 776, 66 S.Ct. 1239, 1253, 90 L.Ed. 1557 (1946). That is, any error was, in a word, "harmless."

AFFIRMED.[1]

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Stoneman's motion to expand the record is

denied. *See Morrison v. Hall,* 261 F.3d 896, 900 n. 4 (9th Cir.2001); *United States v. Walker,* 601 F.2d 1051, 1054—55 (9th Cir.1979).

